IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASSOCIATION, et al.,

        Plaintiffs,

    v.

CAROLYN FREEBORN, et al.,

        Defendants.

No. CV 06-1311-MO

OPINION & ORDER

**MOSMAN, J.,**

    Before the court is defendants' motion for a stay pending further administrative proceedings.  For the reasons that follow, the motion for a stay (#31) is granted.

    In this environmental action, plaintiffs seek judicial review of five grazing management decisions entered by the Bureau of Land Management ("BLM").  Plaintiffs allege these decisions violate the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370(f), and the Federal Land Policy & Management Act ("FLPMA"), 43 U.S.C. §§ 1701-1784.  Among other things, plaintiffs allege BLM erred by relying on "outdated and inaccurate" wilderness inventory information.  Compl. at ¶¶ 53, 58.

    After the plaintiffs filed their complaint, this court entered a decision in *Oregon Natural*

PAGE 1 - OPINION & ORDER

*Desert Association v. Rasmussen et al.,* CV 05-1616-AS (D. Or. Sept. 6, 2006), holding the BLM

failed to satisfy its obligations under NEPA by basing its decisions on outdated wilderness

inventory information.  Thereafter, defendants asserted that "at least in part based on [a] review

and consideration of [the *Rasmussen*] decision . . . , BLM provided public notice that it intends to

address the potential effects of the five challenged decisions on any wilderness characteristics."

Def.'s Memo. in Supp. Mot. for Stay at 4.  BLM also indicated it may alter its decisions being

challenged here in light of its further analysis.  As a result, defendants now seek a stay of this

judicial proceeding pending the intended administrative proceedings.  Plaintiffs object to the

request for a stay.

 The court has discretion to stay proceedings before it.  *Lockyer v. Mirant Corp.*, 398 F.3d

1098, 1109 (9th Cir. 2005).  In exercising its discretion, the court must weigh "the competing

interests which will be affected by the granting or refusal to grant a stay," including:

> the possible damage which may result from the granting of a stay, the hardship or
> inequity which a party may suffer in being required to go forward, and the orderly
> course of justice measured in terms of the simplifying or complicating of issues,
> proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110.  The Federal Circuit has explained that where the agency seeks to engage in further

analysis at the administrative level "because of intervening events outside the agency's control,

for example, a new legal decision or the passage of new legislation . . . . [a] remand is generally

required if the intervening event may affect the validity of the agency action."  *SKF USA Inc., et

al. v. United States, et al.*, 254 F.3d 1022, 1028 (Fed. Cir. 2001).  This approach is consistent

with the general administrative law principle "preferring to allow agencies to cure their own

mistakes rather than wasting the courts' and the parties' resources reviewing a record that both

sides acknowledge to be incorrect or incomplete."  *Ethyl Corp. v. Browner*, 989 F.2d 522, 524

(D.C. Cir. 1993).

 Under the circumstances presented here, I find the competing interests favor granting a

stay.  Though BLM does not concede its five decisions being challenged here were made in error,

PAGE 2 - OPINION & ORDER

it does recognize the *Rasmussen* decision calls into question their adequacy.  Based on this recognition, BLM now seeks to engage in further analysis and to reassess its decisions.  Allowing BLM to proceed in this fashion before reviewing the five decisions contributes to the "orderly course of justice."  *Lockyer*, 398 F.3d at 1110.  Were the court to proceed and review the five challenged decisions and BLM ultimately reversed them or altered them in a way that addressed at least some of plaintiffs' objections, significant judicial resources would be wasted.  I also find BLM would suffer hardship in having to proceed in defending its original decisions in this court while at the same time further analyzing and potentially reconsidering these decisions at the administrative level.

Plaintiffs raise four arguments as to why a stay is inappropriate.  First, they argue further analysis would give BLM the opportunity to create new evidence and engage in improper post hoc rationalization in support of its challenged decisions.  Given BLM's statement that "it intends to *reconsider* its decision following the further analysis it is performing," this argument is not compelling.  Def.'s Reply Br. at 5 (emphasis added).  Relatedly, I also reject plaintiffs' second argument that BLM's attempt to engage in further analysis is untimely.  Plaintiffs previously asked BLM to further analyze wilderness resource values and update wilderness inventories, and BLM refused.  Thus, plaintiffs argue BLM's willingness to now engage in further analysis, seven months after this case was filed, is untimely.  However, BLM has explained that it is now willing to engage in the further analysis it was previously unwilling to undertake due to the court's opinion in *Rasmussen*.  This is precisely the type of "intervening event outside the agency's control" discussed by the Federal Circuit as generally requiring a remand to the agency.  *SKF USA Inc.*, 254 F.3d at 1028.

Plaintiffs' third argument is that a stay would harm them because various aspects of the challenged decisions will continue to be implemented.  However, as defendants point out, the parties have previously stipulated that BLM will not implement several aspects of the challenged decisions.  Stipulation to Avoid Prelim. Inj. (#25).  In light of this agreement, I find plaintiffs

PAGE 3 - OPINION & ORDER

have failed to show harm sufficient to tip the balancing of harms in their favor.  There is no

evidence plaintiffs sought to include grazing activities within the parties' stipulation, suggesting

plaintiffs did not view these activities as significant as those that were included in the stipulation.

Thus, I find the "orderly course of justice measured in terms of the simplifying or complicating of

issues" necessitates allowing the agency to further analyze its decisions before they are subject to

judicial review.  *Lockyer*, 398 F.3d at 1110.

    Lastly, plaintiffs argue a stay is not proper because the further analysis BLM seeks to

engage in does not address all of the issues raised in the complaint.  Even assuming plaintiffs are

correct, I disagree with their position regarding the appropriateness of a stay.  There is no dispute

some of plaintiffs' claims are directly implicated by BLM's anticipated further analysis.  As

discussed above, it would not be an efficient use of judicial resources to review these claims

before the agency has conducted further analysis in light of *Rasmussen*.  Likewise, I find it would

not be efficient to allow some claims to go forward while others do not.

    For the foregoing reasons, defendants' motion for a stay (#31) is GRANTED.

IT IS SO ORDERED.


    DATED this   18th   day of June, 2007.


                            /s/ Michael W. Mosman
                            MICHAEL W. MOSMAN
                            U.S. District Court Judge


PAGE 4 - OPINION & ORDER