**S. AMANDA MARSHALL**, OSB # 95347
United States Attorney
District of Oregon
**STEPHEN J. ODELL, OSB # 903530**
Assistant United States Attorney
steve.odell@usdoj.gov
1000 SW 3rd Ave. Suite 600
Portland, OR  97204-2902
Telephone: 503-727-1024
Telefax: 503-727-1117
**MICHAEL SCHOESSLER**
michael.schoessler@sol.doi.gov
Office of the Regional Solicitor
U.S. Department of the Interior
805 S.W. Broadway, Suite 600
Portland, OR 97205
Telephone:  503-231-2140
Telefax: 503-231-2166
  Of Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N** and **WESTERN WATERSHEDS PROJECT,**  Plaintiffs, v.  **CAROLYN FREEBORN,** Field Manager, Jordan Resource Area, BLM; **DAVE HENDERSON,** Vale District Manager, BLM; **BUREAU OF LAND MANAGEMENT;** and **U.S. DEPARTMENT OF THE INTERIOR,**  Defendants. | CV-06-1311-MO  **DEFENDANTS' RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT** |

PAGE  1 - DEFS.' RESPONSE TO PLS.' RENEWED MOT. FOR SUMM. JUDGMENT
         *ONDA v. BLM, CV-06-1311-MO (D. Or.)*

Defendants hereby briefly respond to Plaintiffs' Renewed Motion for Summary Judgment (Dkt. # 132) that Plaintiffs (hereafter, "ONDA") recently filed in the above-captioned action. As ONDA noted in its moving papers, Mot. at 2, upon being contacted by its counsel for purposes of conferring on the motion, undersigned counsel indicated that Defendants do not oppose the overall approach and procedural framework as they understood them based on the shorthand description ONDA's counsel provided, but they did reserve their right to file a short response as necessary to address any particulars with which they might disagree upon having a chance to review ONDA's moving papers. Defendants have now reviewed the papers, and submit this response to briefly articulate three points with which they do not agree, as set forth below.

First, the Court should not rule "on the merits" of ONDA's single claim, as ONDA contends. ONDA's Memo in Support at 1 & 3. As ONDA points out in its moving papers and the Court recognized during the hearing on the parties' cross-motions for summary judgment, id. at 2, Defendants effectively waived any arguments they had on the merits of ONDA's claim, and therefore, the Court need not – and should not – reach the merits either, but instead simply enter judgment in favor of ONDA on the claim on the basis of that waiver. Numerous cases make a clear distinction between a ruling predicated on a party's having waived their opportunity to put forth a position on the merits of a claim, and a ruling itself on the merits of a claim where the issues have been joined substantively and an "actual case or controversy" is therefore present as to the claim. See, e.g., Lonberg v. City of Riverside, 571 F.3d 846, 848-49 (9th Cir. 2009), cert. denied, 131 S. Ct. 78 (2010); National Union Fire Ins. Co. v. Stroh Cos., 265 F.3d 97, 112 n.4 (2d Cir. 2001); Stelmokas v. Madson, 2011 WL 4738263 at *2 (N.D. Ill. Oct. 5, 2011).

Second, ONDA contends that, in its Judgment the Court should "hold[] unlawful and

**PAGE  2 - DEFS.' RESPONSE TO PLS.' RENEWED MOT. FOR SUMM. JUDGMENT**
    *ONDA v. BLM, CV-06-1311-MO (D. Or.)*

set[] aside BLM's March 30, 2010 decisions." ONDA's Memo in Support at 3.  Defendants do not agree that the Court should do any such thing, for two principal reasons.  For one thing, as the Court is aware, Defendant Bureau of Land Management has issued superseding decisions that have displaced, and in many respects notwithstanding the Ninth Circuit's opinion, rescinded elements of the March 2010 decisions.  Consequently, those decisions are no longer in effect and/or extant, by the agency's own previous administrative action.  In addition, the Court should refrain from making any kind of judicial pronouncement along these lines because it would make considerably more sense to allow the parties to discuss the particulars of any relief during the time ONDA has requested that they be granted to confer on a joint proposed form of judgment.

Third, and related to the immediately preceding point, although Defendants generally support ONDA's request that the Court order the parties to confer and submit a proposed form of judgment, ONDA's Memo in Support at 3, they would respectfully submit that 10 days is too short a time to allow for that conferral and submission to take place, particularly where, as here, Defendants have not seen any draft from ONDA of what it believes would be an appropriate proposed form of judgment.  As a result, it is difficult to know how long that process may take and Defendants believe it ultimately would likely be more efficient for the parties to be granted more time to see if they can reach agreement on a jointly submitted proposed form of judgment, as opposed to being thrust into a position where they have to submit competing forms of judgment (and, rather inevitably, briefs in support of each), thereby placing the onus on the Court to wade through the respective arguments and have to resolve the matter.  In that light, Defendants would respectfully submit that the Court should establish a 30-day period for the parties to confer and submit a joint proposed form of judgment, or separate forms of judgment.

PAGE  3 - DEFS.' RESPONSE TO PLS.' RENEWED MOT. FOR SUMM. JUDGMENT
	*ONDA v. BLM, CV-06-1311-MO (D. Or.)*

Respectfully submitted this 26th day of January 2012.

                                        S. AMANDA MARSHALL
                                        United States Attorney
                                        District of Oregon

                                        s/ Stephen J. Odell
                                        STEPHEN J. ODELL
                                        Assistant United States Attorney
                                        (503) 727-1024
                                          Of Attorneys for Defendants