**Peter M. Lacy ("Mac") (OSB # 01322)**
Oregon Natural Desert Association
917 SW Oak Street, Suite 408
Portland, OR 97205
(503) 525-0193
lacy@onda.org

**David H. Becker (OSB # 081507)**
Law Office of David H. Becker, LLC
917 SW Oak Street, Suite 409
Portland, OR 97205
(503) 525-0193
davebeckerlaw@gmail.com

**Kristin F. Ruether (OSB # 05368)**
Advocates for the West
P.O. Box 1612
Boise, ID  83701
(208) 342-7024
kruether@advocateswest.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **OREGON NATURAL DESERT ASS'N** and **WESTERN WATERSHEDS PROJECT**, <br><br>        Plaintiffs, <br><br>     v. <br><br> **CAROLYN FREEBORN**, Field Manager, Jordan Resource Area, BLM, *et al.*, <br><br>        Defendants. <br> _____ | Case No. 06-1311-MO <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

In response to ONDA's renewed motion for summary judgment, the Bureau of Land Management ("BLM") argues that this Court should not reach the merits of ONDA's National Environmental Policy Act ("NEPA") claim, but rather that the Court need only enter a judgment in ONDA's favor. The agency also rehashes its argument that it has "superseded" the challenged decisions. BLM's arguments fail because, under the Administrative Procedure Act ("APA"), this Court is obliged to undertake judicial review of the challenged action and, under the rule of mandate, the Court lacks jurisdiction to consider the agency's request to render judgment without consideration of the merits. ONDA is entitled to a decision on the merits of its single claim for relief under NEPA, and the Court must reject BLM's attempt to once again avoid judicial review of this agency action that impacts more than a half million acres of core sage-grouse habitat.

## ARGUMENT

### I. THIS COURT LACKS AUTHORITY TO DO WHAT BLM REQUESTS.

This Court cannot grant BLM's request that the Court not issue a decision on the merits of ONDA's claim. Congress provided in the APA that a party "adversely affected or aggrieved by agency action . . . is *entitled* to judicial review thereof." 5 U.S.C. § 702 (emphasis added); *see also id.* § 706 ("To the extent necessary to decision and *when presented*, the reviewing court *shall decide* all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action.") (emphasis added). Where aggrieved parties charge that an agency's action violated the law, the Court's task under the APA is "to ensure that the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made," whether or not the agency has substantively opposed plaintiffs' arguments in its briefs. *Nw. Ecosystem Alliance v. U.S. Fish &*

*Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007) (internal quotation marks and citation omitted).

Having made a strategic litigation decision not to present arguments on the merits of ONDA's claims, BLM cannot now escape judicial review under the APA on the claim and arguments ONDA has presented. The Court of Appeals held unambiguously that a live controversy remains regarding the March 2010 decisions. *Or. Natural Desert Ass'n v. Freeborn*, No. 11-35143, 2011 WL 5357566, at *1 (9th Cir. Nov. 8, 2011) (Dkt 131-1 at 3) ("Because those same conditions are still in effect *and the same controversies exist* after the issuance of the December 2010 decisions, ONDA's NEPA challenge to the March 2010 decisions was not mooted by superseding agency decisions.") (emphasis added). None of the cases BLM cites for its radical slant on the "case or controversy" doctrine involved claims under the APA or Congress's mandate in the APA that courts undertake judicial review of agency action.

This Court also must rule on the merits under both the law of the case doctrine and the rule of mandate doctrine. Under the law of the case doctrine, "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (quoting *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)). The doctrine aids in the efficient operation of court affairs, and it precludes a court from reconsidering an issue previously decided by the same court or a higher court in the identical case. *Id*. The doctrine applies if the issue in question has been decided explicitly or by necessary implication in the previous disposition. *Id*. Because the Court of Appeals has decided a live controversy exists, this Court cannot honor BLM's request to tacitly "overrule" that holding by forgoing a decision on the merits of ONDA's claim.

Under the rule of mandate doctrine,

> [w]hen a case has been once decided by this court on appeal, and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled. The [district court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.... But the [district court] may consider and decide any matters left open by the mandate of this court.

*United States v. Thrasher*, 483 F.3d at 981 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56 (1895)) (alterations in original). The Ninth Circuit has explained that the doctrine is jurisdictional: "if a district court errs by violating the rule of mandate, the error is a jurisdictional one." *Id*. at 982 (also explaining that Ninth Circuit has "described [its] mandate as limiting the district court's 'authority' on remand, which is jurisdiction language").

This Court therefore lacks jurisdiction to consider BLM's request. Here, the Ninth Circuit's mandate is clear: "we remand this case to the district court *for consideration of the merits of ONDA's NEPA challenge*. On remand, the court should address the appropriateness of ONDA's requested injunctive relief and the proper scope of any granted injunctive relief." *Freeborn*, 2011 WL 5357566, at *2 (Dkt 131-1 at 5) (emphasis added). This Court is limited by the Ninth Circuit's mandate to "consider[] the merits." It lacks authority to do what BLM asks and merely enter a judgment.

## II. THE NINTH CIRCUIT EXPRESSLY REJECTED BLM'S "SUPERSEDED DECISION" THEORY.

BLM also argues—again!—that it has "superseded," "displaced" and "rescinded" the challenged decisions such that "those decisions are no longer in effect." BLM Resp. at 3. This is contrary to the Ninth Circuit's explicit finding that

> the December 2010 decisions only reaffirmed the parts of the March 2010 decisions that governed use of already-built range projects and the issuance of grazing permits. Because those same conditions are still in effect and the same

    controversies exist after the issuance of the December 2010 decisions, ONDA's
    NEPA challenge to the March 2010 decisions was not mooted by superseding
    agency decisions.

*Freeborn*, 2011 WL 5357566, at *1. In short, the Ninth Circuit concluded that there *is* something to "set aside."

  A ruling and opinion on the merits also is important as a practical matter. The Louse Canyon Geographic Management Area is the first of eight GMAs the BLM's Jordan Resource Area will evaluate under the Federal Rangeland Health regulations. *See* AR 3739–43 (GMAs summary table), AR 5559 (GMAs map). A court ruling that BLM must prepare an Environmental Impact Statement ("EIS") for this type of landscape-scale livestock grazing plan is critical because (1) it will clarify and settle the legal issues in this case, and (2) it will inform the parties' subsequent discussion concerning a proposed form of judgment. *See Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1174–75 (9th Cir. 2002) (declaratory ruling is appropriate when it clarifies or settles the legal relations at issue and will afford relief from uncertainty and the controversy giving rise to the proceedings). Like in *Badgley*, ONDA's litigation history with BLM concerning these GMA grazing plans makes clear that it is reasonably certain that ONDA will continue to litigate the issue of whether these landscape-scale plans require BLM to prepare an EIS.[1] *See id*. at 1174. A declaration of law—particularly one that not just settles the legal issues but *clarifies* that BLM must formally supplement its

---

[1] The Oregon Natural Desert Association and Western Watersheds Project have litigated the only two other GMAs that Vale BLM has issued prior to the Louse Canyon GMA. *Or. Natural Desert Ass'n v. Ryan*, No. 08-576-BR (D. Or. filed May 13, 2008) (North Fork Malheur GMA); *W. Watersheds Project v. Masinton*, No. 01-348-BR (D. Or. filed Mar. 14, 2001) (Bully Creek Landscape Management Plan or "LAMP," an early moniker for what are referred to today as GMAs). In *Ryan*, the Court granted the parties' joint motion for voluntary dismissal, following BLM's (actual) withdrawal of all aspects of all challenged decisions. As in this case, however, BLM so far has refused to commit to preparing an EIS as it reconsiders the North Fork Malheur GMA plan. In *Masinton*, the parties settled the case.

environmental analysis and prepare an EIS—will be effective in correcting BLM's failures to properly analyze new threats to sage-grouse.

## CONCLUSION

For these reasons, ONDA again respectfully requests that the Court issue a written opinion and grant summary judgment in favor of ONDA, holding unlawful and setting aside BLM's March 30, 2010 decisions pursuant to 5 U.S.C. § 706(A)(2). In response to BLM's representation that it requires a longer period of time to confer on a proposed form of judgment, ONDA reiterates that a 10 day period for conferral is reasonable. *See, e.g.*, Opinion & Order (Dkt # 118) at 16, *Or. Natural Desert Ass'n v. McDaniel*, No. 09-369-PK (D. Or. July 18, 2011) (ordering parties to confer and submit a joint proposal, or separate proposals, to the Court "within two weeks" after the opinion issued). If additional time to confer is necessary, the parties can seek the appropriate extension from the Court when the circumstance arises.

DATED this 30th day of January, 2012.          Respectfully submitted,

s/ Peter M. Lacy
_____

Peter M. Lacy ("Mac") (OSB # 01322)
Oregon Natural Desert Association

Of Attorneys for Plaintiffs