**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OREGON NATURAL DESERT ASS'N and WESTERN WATERSHEDS PROJECT,<br><br>            Plaintiffs - Appellants,<br><br>   v.<br><br>THOMAS RYAN, Field Manager, Jordan Resource Area, BLM; et al.,<br><br>            Defendants - Appellees. | No. 12-35759<br><br>D.C. No. 3:06-cv-01311-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted March 5, 2013
Portland, Oregon

Before: TASHIMA, CLIFTON, and BEA, Circuit Judges.

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs seek to enjoin Defendants Thomas Ryan, Donald Gonzalez,[1] the BLM, and the Department of the Interior from permitting any livestock grazing in the Louse Canyon Management Area until the BLM completes NEPA review of the impact of grazing on the greater sage-grouse. They also seek an order requiring the BLM to conduct an EIS. The district court denied both requests. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in allowing grazing to continue pursuant to the 2006 permits. Even though those permits were replaced by the 2010 permits, once the district court set aside the 2010 decisions (which authorized the 2010 permits), the 2006 permits could be reimplemented. The district court's ruling had no effect on the 2006 permits.

**2.** The district court did not err in declining to enjoin all grazing pending NEPA review. First, it was not an abuse of discretion to find that Plaintiffs failed to establish that grazing under the interim grazing strategy was likely to irreparably injure the sage-grouse population in Louse Canyon. *See Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 22 (2008) ("Plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction."). The

---

[1] Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Defendant Carolyn Freeborn has been replaced by Thomas Ryan, and Defendant Dave Henderson has been replaced by Donald Gonzalez.

record supported the district court's finding. For example, although the record indicated that grazing poses some danger to sage-grouse, the record also showed that the danger is site-specific and depends on a number of factors. On at least one rangeland, exclusion of livestock had no effect on the sage-grouse population, and some evidence demonstrated potential positive effects from grazing. The threat of West Nile virus was also too remote. An outbreak requires the presence of a complex set of conditions, but the record did not indicate that those conditions were likely to be present.

Second, the district court did not require proof of past harm and therefore did not apply an incorrect legal standard. The lack of any material decline in the sage-grouse population when the interim grazing period had previously been implemented was only one factor the district court considered. The district court's reliance on that fact as one indicator of what was likely to happen in the future was not erroneous.

3.    The district court did not err in declining to order the preparation of an EIS. Because there was uncertainty about the projects and grazing schedule the BLM would propose and whether those would warrant a Finding of No Significant Impact or an Environmental Assessment, the district court properly left the decision of whether to prepare an EIS to the BLM's discretion. *See Ctr. for*

*Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172, 1179 (9th Cir. 2008) ("[I]f there is uncertainty over whether the proposed project may have a significant impact, . . . the court should ordinarily remand for the agency to either prepare a revised EA or reconsider whether an EIS is required.").

**AFFIRMED.**